**APPEAL NO. 23-15234**

**UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

---

PAUL A. ISAACSON, M.D., *et al.*,

*Plaintiffs-Appellants*,

v.

KRISTIN K. MAYES, in her official capacity as Arizona Attorney General; *et al.*,

*Defendants-Appellees,*

and

MICHAEL B. WHITING, County Attorney for Apache County, in his official capacity, *et al.*,

*Defendants,*

and

WARREN PETERSEN, Arizona Senate President, and BEN TOMA, Speaker of the Arizona House of Representatives,

*Intervenors-Defendants / Proposed Appellees.*

---

On Appeal from the United States District Court
for the District of Arizona
Case No. 2:21-cv-01417-DLR / Hon. Douglas L. Rayes

---

**REPLY IN SUPPORT OF MOTION OF INTERVENORS-DEFENDANTS ARIZONA SENATE PRESIDENT PETERSEN AND SPEAKER OF THE ARIZONA HOUSE OF REPRESENTATIVES TOMA TO PARTICIPATE AS APPELLEES ON APPEAL**

---

DENISE M. HARLE
GA Bar No. 176758
ALLIANCE DEFENDING FREEDOM
1000 Hurricane Shoals Rd. NE

KEVIN H. THERIOT
AZ Bar No. 030446
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street

Suite D-1100
Lawrenceville, GA 30043
(770) 339-0774
dharle@ADFlegal.org

Scottsdale, AZ 85260
(480) 444-0020
ktheriot@ADFlegal.org

ERIN M. HAWLEY
DC Bar No. 500782
ALLIANCE DEFENDING FREEDOM
440 First Street NW, Suite 600
Washington, DC 20001
(202) 393-8690
ehawley@adflegal.org

*Counsel for Intervenors-Defendants / Proposed Appellees*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ..... ii

INTRODUCTION ..... 1

ARGUMENT ..... 3

I. The Legislative Leaders are unequivocally authorized by statute to represent the state's interests in this appeal, and Petitioners have produced no authority to the contrary. ..... 3

A. The Legislative Leaders have a significant protectable interest in the outcome of this appeal. ..... 4

B. The Legislative Leaders' interests will be impaired without their intervention. ..... 8

II. If the Court does not grant the Legislative Leaders intervention of right, it should grant permissive intervention. ..... 9

CONCLUSION ..... 11

CERTIFICATE OF SERVICE ..... 13

## TABLE OF AUTHORITIES

**Cases**

*Arakaki v. Cayetano*,
324 F.3d 1078 (9th Cir. 2003) .......... 9

*Berger v. North Carolina State Conference of the NAACP*,
142 S. Ct. 2191 (2022) .......... passim

*Brnovich v. Democratic National Committee*,
141 S. Ct. 2321 (2021) .......... 6

*Devries v. Arizona*,
198 P.3d 580 (Ariz. Ct. App. 2008) .......... 5, 6

*Spangler v. Pasadena City Board of Education*,
552 F.2d 1326 (9th Cir. 1977) .......... 10

*Virginia House of Delegates v. Bethune-Hill*,
139 S. Ct. 1945 (2019) .......... 7

**Statutes**

A.R.S. § 12-1841 .......... passim

**Other Authorities**

State of Arizona, Rules of the Ariz. House of Representatives, 56th Legislature 2023–2024, available at https://bit.ly/3HuL9bz .......... 4

State of Arizona, Senate Rules, 56th Legislature 2023–2024, available at https://bit.ly/3WXFLDv .......... 4

**Rules**

Fed. R. Civ. P. 24 .......... 9

Fed. R. App. P. 29 .......... 10

# INTRODUCTION

Arizona Senate President Warren Petersen and Speaker of the House Ben Toma ("Legislative Leaders") have already been granted intervention of right by the district court in this case, based on their clear statutory authority to defend the constitutionality of the challenged laws here. *See* A.R.S. § 12-1841. That statute provides the Legislative Leaders an unqualified right to intervene in any case challenging the constitutionality of a state law. A.R.S. § 12-1841(D). Despite the plain language of the statute and the fact that the Legislative Leaders are already Intervenors-Defendants in the underlying case, Petitioners oppose intervention on appeal, based on a series of meritless distinctions.

First, Petitioners claim that § 12-1841 is applicable only to state-court proceedings because the statute falls under the state's Uniform Declaratory Judgment Act. Pet'rs' Opp'n 6–9, ECF No. 39. But the Legislative Leaders' statutory right to intervene is not extinguished simply because it is invoked in federal court. In fact, the Supreme Court recently recognized this when holding that, in similar circumstances, North Carolina Senate President and Speaker of the House had the authority under state law to intervene on behalf of the state. *See Berger v. N.C. State Conf. of the NAACP*, 142 S. Ct. 2191, 2202 (2022). The Arizona Legislature afforded the Legislative Leaders broad authority "to be heard" in order to ensure that its sovereignty is respected. Circumstances such as these, where Attorney General Kris Mayes has

vowed not to defend a duly enacted statute, reveal the legislature's wisdom in ensuring that state interests in the constitutionality of a law are always represented in court. Indeed, less than two weeks ago—after the Legislative Leaders filed their motion to intervene in this appeal—another district court granted intervention to the Legislative Leaders to defend the constitutionality of Arizona's laws pursuant to § 12-1841 in a similar case. *See* Order Granting Intervention, *Mi Familia Vota v. Fontes,* No. 2:22-cv-00509-SRB (D. Ariz. Apr. 26, 2023), ECF No. 363.

Second, Petitioners argue that the Legislative Leaders' interests will not be impaired by the absence of a state official to defend the state's interests, reasoning that, at this stage, Petitioners are merely "challeng[ing] the district court's conclusion that they have not suffered an injury-in-fact sufficient to satisfy Article III." Pet'rs' Opp'n at 14. This is beside the point. Regardless of the precise issue on appeal, the state will have no meaningful voice defending its state laws unless the Legislative Leaders intervene. Petitioners' assurance that the parties can simply litigate the case on remand is no comfort. *See* Pet'rs' Opp'n at 14–16. The question is whether Arizona's interests will be represented *now* on this case-dispositive issue, when the Arizona Attorney General has vowed she will not defend the constitutionality of the state laws. Absent intervention, they will not.

Finally, Petitioners urge this Court to deny the Legislative Leaders' alternative request for permissive intervention, claiming that the

Legislative Leaders do not satisfy Rule 24(b), which allows intervention where someone "has a claim or defense that shares with the main action a common question of law or fact." Petitioners claim the Legislative Leaders' interest in defending the constitutionality of S.B. 1457 "has no bearing on this appeal about Plaintiffs' suffered injuries" from enforcement of the statute. Pet'rs' Opp'n at 17. To the contrary, Petitioners' claim of "suffered injuries" hinges on the alleged unconstitutionality of S.B. 1457—the basis for the entire lawsuit.

Petitioners' arguments cannot be reconciled with *Berger*, which instructs federal courts not to second-guess whom a State selects to represent its interests when applying the Federal Rules of Civil Procedure. 142 S. Ct. at 2201. The Legislative Leaders have statutorily vested interest in defending the legislation, and that interest is particularly pertinent where the attorney general refuses to do so. This Court should reject Petitioners' attempt to exclude the Legislative Leaders from this appeal and grant the Legislative Leaders' request to intervene.

## ARGUMENT

### I. The Legislative Leaders are unequivocally authorized by statute to represent the state's interests in this appeal, and Petitioners have produced no authority to the contrary.

Petitioners do not dispute that the Legislative Leaders have brought a timely request, nor do they dispute that Attorney General Mayes is an inadequate representative of the state's interests in

defending the legislation. Petitioners' argument—that the Legislative Leaders have no significant protectable interest that will be impaired without intervention—is based on a strained interpretation of the law, and this Court should reject it.

### A. The Legislative Leaders have a significant protectable interest in the outcome of this appeal.

Section 12-1841 provides an unqualified right for the Legislative Leaders to intervene in any case challenging the constitutionality of a state statute. A.R.S. § 12-1841(D). As the statute says, the Legislative Leaders "shall be" informed of any such lawsuit, and they "shall be entitled to be heard." *Id.* § 12-1841(A) & (B). The statute places no limitation on the courts in which the Legislative Leaders "shall be" given a hearing. *Id.* And consistent with the Legislative Leaders' rights under § 12-1841, the rules for both houses of the Arizona Legislature authorize the Legislative Leaders "to bring or assert in any forum on behalf of the [House or Senate] any claim or right arising out of any injury to the Senate's powers or duties under the constitution or laws of this state."[1]

---

[1] *See* State of Arizona, Senate Rules, 56th Legislature 2023–2024, Rule 2(N), available at https://bit.ly/3WXFLDv; State of Arizona, Rules of the Ariz. House of Representatives, 56th Legislature 2023–2024, Rule 4(K), available at https://bit.ly/3HuL9bz. Petitioners say these rules cannot confer a protectable interest upon the Legislative Leaders. Pet'rs' Opp'n at 13 n.5. That is not the point. The rules are simply evidence that the Arizona Legislature authorized the President and Speaker to litigate on behalf of their respective houses. *See* A.R.S. § 12-1841.

Petitioners attempt to overcome the plain language of §12-1841 by arguing that the provision is only applicable in state court proceedings. *See* Pet'rs' Opp'n at 6–9. The district court correctly rejected this argument, noting that "nothing in the language of §12-1848 imposes such a limitation. To the contrary, § 12-1848(A) says it applies 'in *any* proceeding in which a state statute, ordinance, franchise or rule is alleged to be unconstitutional.' Any means any." *See* Order, ECF No. 167 at 12 (emphasis in original).[2]

Petitioners quote *Devries v. Arizona*, 198 P.3d 580, 584–85 (Ariz. Ct. App. 2008), for the proposition that § 12-1841 is a procedural rule that "relates to the manner and means by which a right to recover is enforced or provides no more than the method by which to proceed." Pet'rs' Opp'n at 6–7. But *Devries* does not support Petitioners' arguments. *Devries* interpreted "proceeding" as used in § 12-1841 broadly and explained that the procedural strictures of § 12-1841 (i.e., the service requirements) encompass "every step ... of an action until the conclusion," affording intervention of right "from invocation of the courts' jurisdiction to entry

[2] Petitioners concede that the district court's order permitting the Legislative Leaders to intervene in the proceedings below is not appealable until final judgment. Pet'rs' Opp'n at 15, n.6 (citing *Vivid Ent., LLC v. Fielding*, 774 F.3d 566, 573 (9th Cir. 2014)). The Legislative Leaders' motion to intervene on appeal is arguably an unintentional byproduct of the district court happening to rule on Plaintiffs' motion for preliminary injunction before the motion to intervene.

of a final judgment that is not subject to further appeal." *Devries*, 198 P.3d at 586. Accordingly, the Arizona Court of Appeals held that "the wording of" § 12-1841 "is sufficiently broad to apply to appellate proceedings." *Id.* at 585. This appeal likewise constitutes a step of the underlying action, and as in *Devries*, the Legislative Leaders are just as entitled to intervene at this stage as they are any other.

Petitioners also contend that § 12-1841 is a state procedural rule that falls under Arizona's Uniform Declaratory Judgment Act, and its requirements do not apply in a federal court proceeding. Pet'rs' Opp'n at 6–9. Therefore, because federal procedural law controls in this case, they argue that the *federal* Declaratory Judgment Act must control. Pet'rs' Opp'n at 7. This argument also fails.

The Legislative Leaders are not litigating a declaratory judgment. They seek to intervene in this appeal based on a statutory right to be heard—one that is not extinguished by the state law being challenged in federal court. *See Berger*, 142 S. Ct. at 2202 (citing cases); *Brnovich v. Democratic Nat'l Comm.*, 141 S. Ct. 2321, 2336 (2021) (relying on Arizona law to determine that the attorney general had standing to represent the state in federal court).

Petitioners' logic leads to an absurd result that does not comport with the Supreme Court's broad holding in *Berger* that a state "must be able to designate agents to represent it in federal court" and may authorize its legislature "to litigate on the State's behalf, either generally

or in a defined class of cases." *Berger*, 142 S. Ct. at 2202. (quoting *Va. House of Delegates v. Bethune-Hill*, 139 S. Ct. 1945, 1951–52 (2019)) (cleaned up). Petitioners' attempt to distinguish *Berger* is just another way arguing that § 12-1841 only applies in state-court proceedings. Contrary to Petitioners' claim that the North Carolina statute explicitly provided authorized intervention in state *and federal* court proceedings, Pet'rs' Opp'n at 10, the statute at issue in *Berger* was nearly identical to § 12-1841, expressly authorizing the legislative leaders to intervene "in any judicial proceeding," *see Berger,* 142 S. Ct. at 2198 (quoting N.C. Gen. Stat. Ann. § 1-72.2(b)).

Petitioners further contend that § 12-1841 "does not appear to create any authority for the [Legislative Leaders] to act *on behalf of the State*," but instead "merely provides that [they] are 'entitled to be heard,'" and that the statute "'shall not be construed to compel . . . the [Legislative Leaders] to intervene as a party in any proceeding.'" Pet'rs' Opp'n at 11–13 (quoting A.R.S. § 12-1841(A), (D)). That is, according to Petitioners, because the Legislative Leaders cannot be *compelled* to intervene in federal court, that means they are not *permitted* to intervene as of right. But what could it mean for the Legislative Leaders to be "entitled to be heard" in federal court if it does not mean they can intervene? The only reasonable interpretation is that, consistent with the statute's unambiguous text, they are authorized to act when state legislation is

challenged "in *any* proceeding." A.R.S. § 12-1841(A) (emphasis added). As the district court said, "Any means any." Order at 2.

### B. The Legislative Leaders' interests will be impaired without their intervention.

Petitioners argue that the Legislative Leaders' interests will not be impaired by their exclusion from these proceedings because, as Petitioners see it, they are merely "challeng[ing] the district court's conclusion that they have not suffered an injury-in-fact sufficient to satisfy Article III." Pet'rs' Opp'n at 14. But it does not matter which issue in the case is on appeal—§ 12-1841 contains no such limitation. And without intervention, the state will have no opportunity to dispute Petitioners' meritless claim that duly enacted legislation caused them injury-in-fact, a potentially case-dispositive issue.

Petitioners are incorrect when they suggest intervention is unnecessary because "the appeal concerns a threshold jurisdictional question that is unrelated ... to ... the merits of Plaintiffs' constitutional attack on the challenged statutory scheme." Pet'rs' Opp'n at 14. According to Petitioners, on remand, the Legislative Leaders can simply litigate the case in district court, where they have already intervened. Pet'rs' Opp'n at 16. But excluding the Legislative Leaders from their statutorily authorized role as intervenors on appeal will "evince disrespect for a State's chosen means of diffusing its sovereign powers among various branches and officials." *Berger*, 142 S. Ct. at 2201.

Indeed, the Legislative Leaders would be bound—as *parties*—in the district court by this Court's decision without ever having the opportunity to participate in this appeal. And should this case come back up on appeal, Petitioners will presumably oppose intervention again.

The question is not whether the Legislative Leaders can litigate upon remand. The question is whether the state's interests will be represented on appeal *now* and whether they are positioned to ensure that the state's sovereignty will be respected here. *See Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003). Without intervention, no one will represent the state's interests and this Court will be deprived of a full and fair consideration of the arguments.

## II. If the Court does not grant the Legislative Leaders intervention of right, it should grant permissive intervention.

In the alternative, this Court should exercise its discretion to grant permissive intervention. Under Fed. R. Civ. P. 24(b), courts may grant permissive intervention to anyone who "has a claim or defense that shares with the main action a common question of law or fact." Petitioners claim that the Legislative Leaders have failed to meet this standard, because the Legislative Leaders seek to defend the constitutionality of S.B. 1457, which "has no bearing on this appeal about Plaintiffs' suffered injuries" from the enforcement of the statute. Pet'rs' Opp'n at 17. As noted above, this argument is nonsensical:

Petitioners' claim of "suffered injuries" is based on nothing other than the alleged unconstitutionality of S.B. 1457, which is the very essence of this case.

Simply put, Petitioners' appeal concerns the constitutionality of a duly enacted statute and requires the Court to consider whether the legislation has caused an injury-in-fact to Petitioners. The Legislative Leaders have an important interest in defending the legislation's constitutionality, and by extension, defending the state's interest in enforcing its laws. These factors favor permissive intervention. *See Berger*, 142 S. Ct. at 2201; *Spangler v. Pasadena City Bd. of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977) (listing factors applicable to permissive intervention analysis).

Petitioners suggest that the Legislative Leaders can file as amici to represent the state's interests. Pet'rs' Opp'n at 16–17. Petitioners thus effectively concede—tracking Federal Rule of Appellate Procedure 29(a)(3)—that (A) the Legislative Leaders have an "interest" in the litigation, and (B) "the matters asserted [by the Legislative Leaders] are relevant to the disposition of the case." And if that is so, justice requires the Legislative Leaders be permitted to represent the state's interest as intervenors here.

Finally, Petitioners claim that allowing the Legislative Leaders to permissively intervene would "remove the intervention decision from the hands of *all* of the people's elected representatives." Pet'rs' Opp'n at

18–19; *see also* Pet'rs' Opp'n at 9–10 n.4. They cite S.B. 1457 § 16, which provides an alternative mechanism for a member of the legislature to intervene in a court proceeding: sponsors or cosponsors of the legislation at issue have to be appointed by the legislature via concurrent resolution. Pet'rs' Opp'n at 17–19. The district court properly rejected this argument, too. As the district court explained, § 16 does not "govern[] to the exclusion of § 12-1841(D)." Order at 3. "[T]here is no conflict between § 16 and § 12-1841(D)," which permits intervention by the attorney general, the senate president, and the speaker of the house where a state statute's constitutionality is challenged. *Id.*

Given the explicit language of § 12-1841, the weighty interests at stake, the need for a party willing to defend the challenged legislation, and the Legislative Leaders' status as Intervenors-Defendants in the district court, permissive intervention is appropriate.

## CONCLUSION

The Legislative Leaders are unequivocally authorized by statute to intervene and defend the statutes at issue in this appeal. Accordingly, they respectfully request that this Court grant intervention of right, or in the alternative, permissive intervention.

Respectfully submitted this 8th day of May, 2023.

*s/Kevin H. Theriot*
KEVIN H. THERIOT
AZ Bar No. 030446
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, AZ 85260
(480) 444-0020
(480) 444-0028 facsimile
ktheriot@ADFlegal.org

DENISE M. HARLE
GA Bar No. 176758
ALLIANCE DEFENDING FREEDOM
1000 Hurricane Shoals Rd. NE
Suite D-1100
Lawrenceville, GA 30043
(770) 339-0774
dharle@ADFlegal.org

ERIN M. HAWLEY
DC Bar No. 500782
ALLIANCE DEFENDING FREEDOM
440 First Street NW, Suite 600
Washington, DC 20001
(202) 393-8690
ehawley@adflegal.org

*Attorneys for Intervenors-Defendants/Proposed Appellees President Petersen and Speaker Toma*

## CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2023, I electronically filed the foregoing Reply in Support of Motion to Participate as Appellees with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the CM/ECF system, which will accomplish service on counsel for all parties through the Court's electronic filing system.

*s/Kevin H. Theriot*
Kevin H. Theriot

Dated: May 8, 2023.